UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT W. KEOGH, et al.,<br>    Plaintiffs,<br><br>v.<br><br>FIELD & SONS HVAC, INC.,<br>    Defendant,<br><br>BANK OF AMERICA, SOUTH SHORE<br>SAVINGS BANK, AND MANSFIELD<br>BANK,<br>    Trustees. | C.A. No. 12-10203-MLW |

ORDER

WOLF, D.J.                                                          June 25, 2012

On February 2, 2012, plaintiffs filed a two count Complaint against defendant Field & Sons HVAC, Inc. ("Field & Sons"), pursuant to the Employment Retirement Income Security Act of 1974, 29 U.S.C. §§1132(a)(3) and 1145, and the Labor Management Relations Act, 29 U.S.C. §185, to enforce payment obligations under the terms of a collective bargaining agreement. The relief sought includes, among other things, access to defendant's payroll records, a preliminary and permanent injunction enjoining defendant from refusing to provide employment records, and a judgment in favor of the plaintiffs in the amount of $45,346.71. Field & Sons was served on February 24, 2012, with a response due March 16, 2012. As of June 22, 2012, Field & Sons has not responded to the Complaint.

On April 9, 2012, plaintiffs filed a Motion for Preliminary

1

Injunction to Obtain an Audit of Field & Sons employment records. Field & Sons has not responded to the motion. The plaintiffs seek final relief - an audit- in the form of a preliminary injunction. A motion for a preliminary injunction is not the proper vehicle for obtaining such relief. See American Bd. of Psychiatry and Neurology, Inc. v. Johnson-Powell, 129 F.3d 1, 4 (1st Cir. 1997) (stating the purpose of a preliminary injunction is to preserve the status quo pending final relief).

The collective bargaining agreement requires that Field & Sons "make available" to the plaintiffs "any and all records of the covered Employees that the several Funds may require in connection with the sound efficient operation of the several funds." Therefore, under the collective bargaining agreement, plaintiffs are entitled to the relief sought. See Central States, Southeast and Southwest Areas Pension Fun v. Central Transportation, Inc., 472 U.S. 559 (1985) (holding that pursuant to collective bargaining agreement providing for examination of employment records, respondent-employers must allow petitioner-funds to conduct requested audit of employer's records); see also Plumber, Steamfitter and Shipfitter Industry Pension Plan & Trust v. Siemens Buildings Technologies Inc., 228 F.3d 964, 971 (9th Cir. 2000).

Because Field & Sons was properly served and has not responded to the Complaint, upon application by the plaintiffs, Field & Sons may be found in default pursuant to Federal Rule of Civil Procedure

55. If a notice of default is issued, the court may then order general injunctive relief in the form of an audit pursuant to 29 U.S.C. §1132(g)(2). See International Union of Operating Engineers Local 98 V. Shawn's Lawns, Inc., 2012 WL 140578 at *4 (D.Mass., Apr. 17, 2012) (slip copy).

Accordingly, it is hereby ORDERED that:

1. Plaintiffs' Motion for Preliminary Injunction to Obtain an Audit (Docket No. 4) is DENIED.

2. If the plaintiffs file an application for a default judgment against Field & Sons, the court will then address the plaintiffs' request to obtain an audit. See International Union, 2012 WL 140578 at *4.

/s/ Charles P. Nay
UNITED STATES DISTRICT JUDGE